# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                                    |     |                                    |
|------------------------------------|-----|------------------------------------|
| **DEBRA DORSEY,**                  | )   |                                    |
|                                    | )   |                                    |
| **Plaintiff,**                     | )   |                                    |
|                                    | )   |                                    |
| **v.**                             | )   | **Civil Action No. 10-1682 (RMC)** |
|                                    | )   |                                    |
| **JACOBSON HOLMAN PLLC *et al.*,** | )   |                                    |
|                                    | )   |                                    |
| **Defendants.**                    | )   |                                    |
|                                    | )   |                                    |

## MEMORANDUM OPINION

This is the second action filed in this Court by Plaintiff Debra Dorsey against Defendants. The first-filed action, *Dorsey v. Jacobson Holman PLLC*, 09-cv-1085 (RMC) ("*Dorsey I*"), remains pending. Both lawsuits address the same set of facts relating to Ms. Dorsey's leave status and separation from employment. In this case ("*Dorsey II*"), Ms. Dorsey advances three counts against the law firm, its profit-sharing plan, and certain of its members ("Defendants"): (1) Count I alleges a failure to make contributions to the Jacobson Holman profit-sharing plan on her behalf at the end of 2007 and a related breach of fiduciary duty; (2) Count II alleges a failure to provide Ms. Dorsey with timely notice under the American Recovery and Reinvestment Act of 2009 ("ARRA"), Pub. L. No. 111-5, 123 Stat. 115 (2009), and the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), Pub. L. No. 99-272, 100 Stat. 82 (1986), regarding continuation health coverage and subsidized premium information after her separation from employment;[1] and (3) Count III alleges interference with Ms. Dorsey's rights under ERISA, 29

---

[1] Part 6 of Title I of the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. §§ 1161-1166, and parallel provisions of the Internal Revenue Code, 26 U.S.C. § 4980B,

U.S.C. §§ 1001, *et seq*., when the law firm required Ms. Dorsey to submit a letter of resignation in order to receive "documents that would permit her to take a distribution from the [profit-sharing] plan when she was disabled, which she was." *See Dorsey II*, Am. Compl. [Dkt. # 12], ¶¶ 17–46. Defendants move to dismiss the instant lawsuit, charging Ms. Dorsey with improper "claim splitting," and ask that the Court impose sanctions pursuant to Fed. R. Civ. P. 11(c). The Court agrees that Ms. Dorsey has engaged in "claim splitting," but will not impose sanctions. Because all three counts brought in *Dorsey II* were either previously brought in *Dorsey I*, or could have been brought in *Dorsey I*, the Court will dismiss *Dorsey II* and all of its counts.

## I. FACTS

### A. *Dorsey I*

On June 9, 2009, Ms. Dorsey filed suit in *Dorsey I*. The First Amended Complaint in *Dorsey I* advanced four counts: (1) Count I alleged a failure to make contributions to the Jacobson Holman profit-sharing plan for Ms. Dorsey's benefit in 2007; (2) Count II alleged denial of COBRA benefits;[2] (3) Count III alleged unpaid leave and bonuses in violation of the District of Columbia Wage Payment Act, D.C. Code § 32-1303; and (4) Count IV alleged wrongful termination in

_____

were enacted as part of the COBRA. Under these provisions, a group health care plan must provide each qualified beneficiary who would lose health insurance coverage as a result of a "qualifying event" the option of continuing such coverage for 18 months by paying for it individually. This is commonly referred to as a COBRA benefit.

  [2] Specifically, Ms. Dorsey complained:

> Although Jacobson Holman provided Plaintiff with the proper notice of continuation coverage under COBRA, as required by ERISA § 606, 29 U.S.C. § 1166, it failed to provide the required notice under ARRA, which was required by April 19, 2009.

*Dorsey I*, 1st Am. Compl., [Dkt # 2], ¶ 36.

violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq*., and the D.C. Family and Medical Leave Act ("DCFMLA"), D.C. Code §§ 32-501, *et seq*., because Jacobson Holman did not notify Ms. Dorsey that it considered her on FMLA/DCFMLA covered leave, and also for retaliation because Ms. Dorsey filed a workers' compensation claim. *See Dorsey I*, 1st Am. Compl., [Dkt # 2].

On January 11, 2010, Ms. Dorsey moved to file a Second Amended Complaint to supplement the Complaint with two additional counts: (5) Count V alleged retaliation in violation of the D.C. Worker's Compensation Act, D.C. Code § 32-1542, due to "Jacobson Holman's pervasive insistence that Ms. Dorsey resign her position" because Ms. Dorsey filed a workers' compensation claim; and (6) Count VI alleged discrimination on the basis of disability. *See Dorsey I*, Mot. for Leave to File Plaintiff's 2d Am. Compl. [Dkt. #16], Ex. 2 ¶¶ 58–67. Ms. Dorsey also sought to amend Count IV from "Wrongful Termination" to Interference and Retaliation in violation of the FMLA/DCFMLA. *Id*. ¶¶ 51–57. On January 25, 2010, Defendants objected only to the addition of Counts V and VI. *See Dorsey I*, Opp'n to Mot. for Leave to File Plaintiff's 2d Am. Compl. [Dkt. #19]. On April 23, 2010, the Court granted in part and denied in part Plaintiff's Motion for Leave to File a Second Amended Complaint. The Court granted the amendment to Count IV. Having heard no response to Defendants' legal objections to the addition of Counts V and VI to the Complaint, the Court denied that part of the motion as conceded. *See Dorsey I,* Minute Entry Order of April 23, 2010. Further, on April 27, 2010, the Court dismissed Count II for failure to exhaust administrative remedies. *See Dorsey I*, Mem. Op. & Order [Dkt ## 20 & 21]. Ms. Dorsey filed the Second Amended Complaint on May 14, 2010, though it still, impermissibly, contained Count II. *See* 2d Am. Compl. [Dkt. # 28].

On June 7, 2010, Ms. Dorsey moved to file a Third Amended Complaint, which sought to (1) add a breach of fiduciary claim against Mr. Simor Moskowitz in Count I; (2) amend Count II to "Untimely Cobra Notice," rather than "Denied Cobra Benefits;" and (3) add an additional count of "Claim for Relief Wrongful Discharge." *See Dorsey I*, Mot. for Leave to File Plaintiff's 3rd Am. Compl. [Dkt. #24], Ex. 2 (labeled as Ex. 1). After initially granting this motion, the Court reconsidered its decision:

> The Third Amended Complaint would prejudice Defendants by causing discovery to be re-opened due to the new allegation of wrongful discharge, thereby destroying the bases for the pending motion for summary judgment. Plaintiff has been given multiple opportunities to state her case; June 18, 2010, months after discovery closed and in the face of a motion for summary judgment, is much too late to add completely new counts, allegations, and defendants.

*See Dorsey I*, Order of September 14, 2010 [Dkt. #36] at 4. The Court thus denied that request to amend, leaving only Counts I, III, and IV before the Court at that time.[3]

## B. *Dorsey II*

Ms. Dorsey filed suit in this case, *Dorsey II*, on October 4, 2010. Count I of the instant Complaint in Case No. 10-cv-1682 ("*Dorsey II*") also complains of the law firm's failure to make contributions to Ms. Dorsey's account in the profit-sharing plan in 2007, by which Simor Moskowitz allegedly breached his fiduciary duties. *See Dorsey II*, Am. Compl. ¶¶ 17–26. Count II alleges that John C. Holman, administrator of the law firm's health benefit plan, violated his fiduciary duties "by failing to provide Plaintiff with the ARRA notice and subsidized premium information." *Id*. ¶¶ 29–38. Count III alleges interference with Ms. Dorsey's rights under ERISA

---

[3] Subsequently, on December 21, 2010, the Court granted Defendants' Motion for Summary Judgment as to Counts III and IV, leaving only Count I. *See* Memorandum Opinion and Order [Dkt ## 43 & 44].

when the law firm required Ms. Dorsey to submit a letter of resignation in order to receive "documents that would permit her to take a distribution from the [profit-sharing] plan when she was disabled, which she was."[4] *Id*. ¶¶ 39–46.

## II. ANALYSIS

Defendants contend that the instant lawsuit improperly attempts "claim splitting" and should be dismissed. Ms. Dorsey offers numerous arguments to the contrary but none is persuasive. The allegations in *Dorsey II* are either already covered by *Dorsey I* or could have been. This separate lawsuit merely tweaks claims made already in *Dorsey I* or is based on facts known at the time *Dorsey I* was filed. The three counts within the Amended Complaint in *Dorsey II* mirror counts I, II, and V in the Third Amended Complaint that Ms. Dorsey attempted to file in *Dorsey I*, but which the Court disallowed because it was untimely, contained allegations based on facts previously known to Ms. Dorsey, and was prejudicial to Defendants, who had already filed a motion for summary judgment. *See Dorsey I*, Order of Sept. 14, 2010.

The rule against claim splitting "requires that all claims arising out of a single wrong be presented in one action." *Sensormatic Security Corp. v. Sensormatic Electronics Corp.*, 273 Fed. Appx. 256, 265 (4th Cir. 2008). The rule has a lengthy lineage, being "settled" as early as 1876:

> It is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it piecemeal, or present only a portion of the grounds upon which specific relief is sought, and leave the rest to be presented in a second suit, if the first fail.

---

[4] Ms. Dorsey's original Complaint under Count III was for Wrongful Discharge, but was amended as "Interference under ERISA." *Compare Dorsey II*, Compl. [Dkt. # 1] *with Dorsey II*, Am. Compl. [Dkt. # 12].

*Stark v. Starr*, 94 U.S. 477, 485 (1876). "Claim preclusion prevents parties from relitigating issues they raised or could have raised in a prior action on the same claim." *NextWave Personal Comm'cns, Inc., v. FCC,* 254 F.2d 130, 143 (D.C. Cir. 2001) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). In this sense, the rule against claim splitting is based on the same principles as *res judicata*; while the latter applies when a first suit has already been adjudicated and the former applies to suits pending at the same time, the purpose in each instance is to "'foster[] judicial economy and protect[] the parties from vexatious and expensive litigation.'" *Sensormatic Security Corp. v. Sensormatic Electronics Corp.*, 452 F. Supp. 2d 621, 626, n.2 (D. Md. 2006) (citation omitted).

Ms. Dorsey contends that her complaint in *Dorsey II* is appropriate because she only learned that Simor Moskowitz considered himself a fiduciary vis-a-vis the profit sharing plan during discovery in *Dorsey I*. The answer, of course, would have been to seek to amend the Complaint in *Dorsey I*, not to instigate a separate and second lawsuit about the same nucleus of facts. And this is exactly what did occur. Ms. Dorsey attempted to amend her Complaint in *Dorsey I* for a third time and the Court denied her motion to do so because it was significantly untimely and highly prejudicial to Defendants. Having been denied the right to amend the *Dorsey I* complaint, however, does not grant Ms. Dorsey the right to file *Dorsey II*; she has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3rd Cir. 1997); *see also Sensormatic Security Corp. v. Sensormatic Electronics Corp.*, 329 F. Supp. 2d 574, 580 (D. Md. 2004) (noting that "the doctrine of claim splitting applies to bar a plaintiff from filing a new lawsuit after the court in an earlier action denied leave to amend the complaint to add those claims"). Ms. Dorsey did not timely raise the instant allegations in *Dorsey I*, and she cannot now circumvent that misfortune with an

additional lawsuit. She violates the rule against claim splitting by attempting to file *Dorsey II* to advance fundamentally the same allegations.

Defendants have been required to expend more time and money to litigate their motion to dismiss. They urge the Court to consider sanctions for litigation misconduct, under Federal Rule of Civil Procedure 11(c). The imposition of sanctions is left to the sound discretion of the district court judge. *See Rafferty v. Nynex Corp.*, 60 F.3d 844, 852 n.12 (D.C. Cir. 1995); Fed. R. Civ. P. 11(c) (noting that when the rule has been violated, a court *may* impose an appropriate sanction). The Court will refrain from sanctions. Ms. Dorsey is represented by a solo practitioner against a larger law firm. Further, her claims, though unpersuasive, are not what the Court would consider altogether frivolous. Ms. Dorsey attempts to carve out a distinction between her case and the caselaw, and this slim reed of distinction compels the Court to deny Rule 11(b) sanctions.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Dkt. # 4] will be granted in part and denied in part. No sanctions will be levied. The case will be dismissed without prejudice as to those counts already addressed in *Dorsey I* and with prejudice as to those counts not already addressed in *Dorsey I*. A memorializing Order accompanies this Memorandum Opinion.

Date:   February 18, 2010

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge